IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:23-cr-146-DJN |
| | ) | |
| NATHANIEL J. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING POSITION**

The United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Patrick J. McGorman, Assistant United States Attorney, hereby submits its position with respect to the application of the sentencing factors to Mr. Brown. The United States concurs with the Probation Officer's determination that Mr. Brown's Total Offense Level is 17, and that his Criminal History Category is II. *See* PSR, ¶¶ 70-71. The government has no objections or corrections to the Presentence Report or the Probation Officer's calculation of the advisory guidelines range. The defendant's applicable guidelines range is therefore 27-33 months imprisonment. *Id*. Under the 18 U.S.C. § 3553(a) factors, and for the reasons set forth below, the United States submits that the defendant should be sentenced at the middle of the applicable guidelines range -- 30 months.[1]

### I.   Procedural Posture

On November 7, 2023, Brown was charged in a one-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment

---

[1] The United States also asks the Court to impose a term of supervised release of 3 years. Due to his apparent inability to pay, the United States is not asking the Court to impose on Mr. Brown any monetary penalty in this case.

1

[ECF No. 4].) On January, 2024, Brown pled guilty to Count One of the Indictment, with the benefit of a written plea agreement. (Plea Agreement [ECF No. 22].) In the Plea Agreement, Brown has preserved his right to appeal his conviction and sentence only on the grounds of (1) this Court's denying his Motion to Dismiss the Indictment (ECF No. 16) based on *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 142 S. Ct. 2111 (2022) (Order at ECF No. 17), and (2) an ineffective assistance of counsel claim that is cognizable on direct appeal. (Plea Agreement pp. 3-4.) Brown also agreed that subject to forfeiture are (1) a Ruger semiautomatic pistol, model LCP, .380 caliber, bearing serial number 371086561, and (2) all accompanying magazines and ammunition, including 16 rounds of assorted ammunition. (Id. at 5.) The Court accepted the defendant's plea and sentencing was set for May 14, 2024 at 11:00 a.m. (Sentencing Guideline Order [ECF No. 24].)

## II.     Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id. (quoting United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

2

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

A.  **Nature and Circumstances of the Offense**

The nature and circumstances of the offense are serious. On September 5, 2023, Henrico PD officers performed a traffic stop of the vehicle Brown was driving and discovered that Brown was armed with a firearm. PSR ¶ 2-3. The officers retrieved from Brown's waistband a Ruger LCP .380 semi-automatic pistol. Id. The firearm had a fully loaded 6-round magazine seated in the magazine well, but without a round in the chamber. Id. Officers also found a fully-loaded 10-round .380-caliber magazine in the vehicle's center console. PSR ¶ 3.

By illegally possessing a loaded firearm and ammunition—including a second loaded magazine—the nature and circumstances of this offense require significant punishment.

B.  **History and Characteristics of the Defendant**

Brown is 36 years old, with a significant criminal record. PSR ¶¶ 26-36. Brown has been convicted of several serious offenses, including two felony convictions involving the possession with intent to distribute controlled substances.

First, in 2009/2010, Brown was found guilty of possession of cocaine with intent to distribute (for which he was sentenced to 5 years' incarceration with 4 suspended), distribution of cocaine (10 years/10 suspended) and conspiracy to distribute (10 years/9 suspended). PSR ¶¶ 32-34. Then, in 2013, Brown was convicted of possession of a schedule I or II controlled substance with intent to distribute, second offense, and he was sentenced to 10 years' incarceration with 7 suspended for a period of 20 years conditioned on good behavior. PSR ¶ 36. Brown was released from incarceration on his 2013 conviction in 2020, so he was incarcerated for approximately 7 years. Id. Brown committed the instant offense while within the 20 years' good behavior period

3

imposed with his 2013 conviction.

The defendant's parents split up when he was 12, and Brown's father beat him approximately five times per month as a child. PSR ¶¶ 49-50. Brown reports growing up in a rough neighborhood, where he witnessed drug dealing and violence at a young age. PSR ¶ 51. Brown has never received mental health treatment, although he wants it, and reported that he used to wake up at 3:00 every morning to make sure the doors were locked because he was paranoid. PSR ¶ 57. Brown began smoking marijuana at age 13 and used it daily, smoking five "joints" per day prior to his incarceration on this offense. PSR ¶ 58. He has no others substance use or alcohol-related issues. Id. Brown was reportedly diagnosed with ADHD and placed in learning disability classes as a child, in addition to being suspended from school for various disruptions. PSR ¶ 59. His overall adolescent educational performance was poor, and he dropped out of school at age 17. PSR ¶¶ 60-61. Brown achieved his GED while incarcerated. PSR ¶ 62. He was fairly-consistently employed since being released from incarceration in 2020, but he remains in debt with no present income. PSR ¶¶ 64-68.

A sentence of 30 months will adequately account for Brown's history and characteristics.

**C.   A Sentence at the Middle of the Guidelines Serves the Factors of § 3553**

1. <u>Seriousness of the Offense; Provide Adequate Punishment</u>

This factor supports a sentence of 30 months. Brown is a twice-convicted felon who knows that he is prohibited from possessing firearms and ammunition. Even though Brown was cooperative with law enforcement on the scene of his arrest, he was only cooperative once in a position where his arrest was apparently imminent. As a convicted felon prohibited from possessing firearms and ammunition, Brown broke the law in a significant manner.

A sentence of 30 months will promote respect for the law and reflect the serious nature of

4

this offense.

2. Need to Deter Future Criminal Conduct

A significant sentence in this case will ensure that the defendant fully appreciates the gravity of his conduct. Brown needs a sentence that will deter him from future criminal conduct. His prior sentences—including recently serving approximately 7 years for his second narcotics-related conviction—did not deter him from engaging in this felonious conduct. Coupling this with Brown's growing criminal record, a sentence of 30 months is sufficiently lengthy that it will encourage Brown and other similarly situated felons to forego illegal firearms possession.

3. Need to Protect the Public from Defendant's Future Criminal Conduct

Brown possessed a loaded firearm. He has in the past engaged in narcotics distribution. While there is no indication that Brown was dealing drugs this time—and Brown claims to have possessed the gun for self-defense to protect his family and because he had cash on him and was going to pay his rent—by possessing a loaded firearm while prohibited twice-over from doing so, Brown showed a complete and utter disregard for our laws intended to protect the public. This is especially true when considering that Brown engaged in this conduct at a time when he was smoking five marijuana "joints" per day. Diligent police work took this firearm off the street and out of the hands of a marijuana-using felon but, without the diligent policing, the ending to this story of a felon possessing a loaded firearm in public—along with a second loaded magazine— may well have been different. A sentence of 30 months is appropriate to protect the public from the defendant's future criminal behavior.

4. Need to Provide Treatment to Defendant

As summarized above and detailed in the PSR, the defendant may benefit from substance

abuse treatment relating to his five-times-per-day marijuana use, ongoing since age 13, and the government recommends that he receive whatever treatment is available to help him in this regard while he is incarcerated. Mental health treatment may also be in order, considering Brown's ADHD and self-reported paranoia issues. 30 months imprisonment will allow Brown to receive any necessary and appropriate mental health treatment—and perhaps also vocational training, if available—and reintegrate into society sober, clear-minded, and ready to work and begin supporting his child.

    5.   <u>Need to Avoid Unwarranted Disparities</u>

Brown's present activities, while troubling, do not fall outside the heartland of criminal offenses charged under 18 U.S.C. § 922(g)(1), and a sentence in the middle of the Guideline range will ensure that no unwarranted disparity exists between his sentence and the sentence of like-positioned defendants.

### III.  Conclusion

For the reasons stated above, the United States submits that a sentence of 30 months is reasonable, accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and will achieve the purposes of sentencing without being greater than necessary to do so. Accordingly, the United States seeks a sentence of 30 months imprisonment.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY


By:  _____/s/_____
Patrick J. McGorman
N.Y. Bar No. 5526256
Assistant United States Attorney
Attorney for the United States
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone:      804-819-5400
Fax:          804-771-2316
Patrick.McGorman@usdoj.gov

7